# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3333 | **DATE** | 9/4/2003 |
| **CASE TITLE** | LAKIN vs SKALETSKY | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held and continued to 10/2/03 at 9:00 a.m. Enter Memorandum Opinion And Order. Skaletsky's motion to dismiss is granted in part and denied in part. Count I is dismissed with prejudice. Liberty's motion to dismiss is denied. Globeground's motion to dismiss is granted in part and denied in part. Count VI is dismissed without prejudice. Lakin is granted leave to file an amended complaint as to those counts dismissed without prejudice, if any, within fourteen days of this order if he can do so consistent with his obligations under Fed.R.Civ.Proc. 11.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 0 5 2003 | |
| | Notified counsel by telephone. | | date docketed | 20 |
| ✓ | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | 03 SEP -4 PM 6:05 | date mailed notice | |
| LG | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DAVID LAKIN, )
 )
    Plaintiff, )
 )
v. )
 ) No. 03 C 3333
GARY SKALETSKY, M.D.; LIBERTY MUTUAL )
INSURANCE COMPANY; and ) Judge John W. Darrah
GLOBEGROUND NORTH AMERICA, LLC, )
 )
    Defendants. )

DOCKETED
SEP 0 5 2003

## MEMORANDUM OPINION AND ORDER

Plaintiff, David Lakin ("Lakin"), filed a multi-count Complaint against the Defendants. Count I alleges failure to maintain medical confidentiality against Gary Skaletsky ("Skaletsky"). Count II alleges failure to maintain medical confidentiality against Liberty Mutual Insurance Company ("Liberty"). Count III alleges wrongful discharge against Globeground North America ("Globeground"). Count IV alleges a civil conspiracy between Skaletsky, Liberty, and Globeground. Count V alleges a breach of bailment against Globeground. Count VI alleges a violation of the Consolidated Omnibus Budget Reconciliation Act ("COBRA), 29 U.S.C. § 1161, *et seq.* against Globeground. Count VII alleges a claim for accrued vacation pay against Globeground. Presently before the Court are: (1) Skaletsky's Motion to Dismiss[1], (2) Liberty's Motion to Dismiss, and (3) Globeground's Motion to Dismiss.

---

[1] Skaletsky titled his motion a Motion for Summary Judgment. However, he seeks dismissal of the claims against him for failure to state claims upon which relief can be granted. A footnote indicates that the motion was titled a motion for summary because Skaletsky referred to matters outside the pleadings. The Court interprets Skaletsky's motion as a motion to dismiss and will not "convert" the motion to a motion for summary judgment. *See Wilkow v. Forbes, Inc.*, 241 F.3d 552, 555 (7th Cir. 2001). Accordingly, the Court will not consider materials outside the pleadings.

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A plaintiff is not required to plead the facts or the elements of a claim, with the exceptions found in Federal Rules of Civil Procedure 9. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002); *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002) (*Walker*). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

A reading of the Complaint supports the following summary of the alleged operative conduct of the parties.

Lakin was an employee of Hudson General LLC ("Hudson"). Globeground is the successor company to Hudson. Lakin was injured while working at O'Hare International Airport on June 14, 2001. Prior to the injury of June 14, 2001, Lakin had sustained three injuries to his knee while at work. Globeground threatened Lakin with termination if he sustained another accident on the job.

On July 2, 2001, Liberty, as the workers' compensation insurance carrier for Globeground, sent Lakin to Skaletsky for an evaluation to be held on July 10, 2001. This examination was held as scheduled, and a report was sent to Liberty.

Liberty sent Lakin for a second examination by Skaletsky. After the July 31, 2001 examination, Lakin asked Skaletsky to treat him for the injuries he had sustained while working at

Globeground. Skaletsky accepted this change of status and referred Lakin to Edwards Hospital for physical therapy. Lakin went to the physical therapy as prescribed.

On August 31, 2001, Skaletsky, at the request of Liberty, and without examining Lakin, released Lakin to return to work with no restrictions. Skaletsky conveyed the work release to Liberty. On September 12, 2001, Liberty transmitted Skaletsky's report to Globeground.

Lakin continued to suffer from the injuries he sustained from the June 14, 2001 accident, including memory loss and loss of range of movement in his fingers. Lakin did not return to Globeground. Globeground terminated Lakin's employment. Subsequent to notification of his termination, Lakin returned to Globeground to retrieve his tools that had been stored at Globeground. Lakin found that approximately $10,000 worth of his tools were missing from his tool box. Globeground also failed to offer Lakin continued medical insurance after his termination and did not pay Lakin approximately $2,000 in accrued vacation pay.

*Skaletsky's Motion to Dismiss*

Skaletsky seeks dismissal of Count I for failure to state a claim. The parties agree that Lakin first visited Skaletsky because of an accident at work and that the provisions of the Workers' Compensation Act ("WCA") applied. Section 8(a) of the WCA provides, in part:

> Every hospital, physician ... rendering treatment or services in accordance with the provisions of this Section shall upon written request furnish and complete reports thereof to, and permit their records to be copied by, the employer, the employee or his independents, as the case may be, or any other party to any proceeding for compensation before the Commission, or their attorneys.

820 ILCS 305/8(a). Accordingly, employers and workers' compensation insurers have a right to the medical records of an individual seeking a claim under the WCA. *See Mercer v. Carle Foundation*

3

*Hosp.*, 261 Ill. App. 3d 245, 246 (1994); *People v. Mileris*, 103 Ill. App. 3d 589, 592 (1981) (*Mileris*).

In his response to Skaletsky's Motion to Dismiss, Lakin contends that the materials supplied by the Defendant "seem to implicate that he [Skaletsky] made the report to Liberty Mutual *sua sponte*" in violation of Section 8(a). However, in his Second Amended Complaint, Lakin specifically pleads that Skaletsky, "at the request of Liberty Mutual", conveyed Lakin's ability to return to work to Liberty Mutual. Pursuant to the WCA, Liberty had a right to Lakin's medical records and the report that he was able to return to work. *See Mileris*, 103 Ill. App. 3d at 592 ("section 8 of the Workers' Compensation Act guarantees that none of the [medical records] could remain confidential"). Accordingly, Count I is dismissed with prejudice.

Skaletsky also seeks to dismiss Count IV for failure to state a claim.

To state a claim for civil conspiracy, a plaintiff must plead a combination of two or more persons for the purpose of accomplishing by some concerted action either an unlawful purpose or a lawful purpose by unlawful means. *See Bucknar v. Atlantic Plant Maint., Inc.*, 182 Ill. 2d 12, 23-24 (1998). In federal court, the plaintiff need not plead facts or the elements of the claim; therefore, "it is enough in pleading a conspiracy merely to indicate the parties, general purpose, and approximate date, so that the defendant has notice of what he is charged with." *Walker*, 288 F.3d at 1007.

Here, Lakin has sufficiently pled a civil conspiracy by pleading the parties, the purpose behind the conspiracy, and the general dates of the conspiracy to give notice to Skaletsky (as well as the other Defendants) of the claims against him. *See Walker*, 288 F.3d at 1007.

4

*Liberty's Motion to Dismiss*

Liberty also seeks to dismiss the civil conspiracy claim against it for failure to state a claim. For the reasons stated above, Liberty's Motion to Dismiss is denied.

*Globeground's Motion to Dismiss*

Globeground seeks to dismiss Count III. Globeground contends that Lakin's wrongful discharge claim fails because he has not pled a causal link between his termination of employment and the exercise of his rights under the WCA. Globeground's argument is without merit.

Lakin pled that he was injured three times at work. After his third injury, his continued employment was threatened. Following another accident, his employment was terminated. These allegations sufficiently plead a causal link between his termination of employment and the exercise of his rights under the Worker's Compensation Act. Furthermore, while Globeground may have had the right to rely on Skaletsky's medical report, the factual question of whether the alleged justification for Lakin's termination was pretextual is not appropriate at this stage of litigation.

Globeground next contends that Count VI should be dismissed because Lakin does not have standing to bring the claim.

Lakin's COBRA claim is based on alleged violations of the notice requirements which are codified at 29 U.S.C. § 1166. Sections 1132(a)(1)(A) and 1132(c) of the Employment Retirement Income Security Act of 1974 ("ERISA") allow only "participants" and "beneficiaries" to bring a civil action against a party that fails to meet the requirements of 29 U.S.C. § 1166. Accordingly, Lakin must be either a participant or a beneficiary in order to have standing to bring the instant claim. *See Leo v. Laidlaw, Inc.*, 38 F. Supp. 2d 675, 678 (N.D. Ill. 1999) (*Leo*).

A participant is "any employee or former employee ... who is or may become eligible to receive a benefit of any type from an employee benefit plan." 29 U.S.C. § 1002(7). A participant includes "employees in, or reasonably expected to be in, currently covered employment, or former employees who ... have a reasonable expectation of returning to covered employment or who have a colorable claim to vested benefits." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 117 (1989) (*Firestone*). In order to establish that he or she "may become eligible" for benefits, a plaintiff "must have a colorable claim that (1) he ... will prevail in a suit for benefits, or that (2) eligibility requirements will be fulfilled in the future." *Firestone*, 498 U.S. at 117.

Here, Lakin is no longer an employee of Globeground, and there are no allegations that he expects to be employed by Globeground in the future. Accordingly, in order for Lakin to qualify as a participant, he must have a colorable claim to vested benefits. Lakin concedes that he has not alleged a colorable claim to vested benefits.

Because the compliant fails to allege that Lakin was a "participant" when he filed suit, Lakin only has standing to bring the COBRA claim if he sufficiently alleges that he was a "beneficiary" at the time the suit was filed.

A "beneficiary" is a "person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8). Lakin concedes that he has not alleged he has a claim for benefits or that he was damaged by the failure to receive benefits. Accordingly, Lakin has not sufficiently pled he is a "beneficiary".

Because Lakin fails to allege that he was either a participant or beneficiary at the time the suit was filed, he lacks standing to bring Count VI; and it is dismissed without prejudice.

Globeground also seeks to dismiss the civil conspiracy claim against it. As stated above, Lakin has sufficiently pled a civil conspiracy against all three Defendants.

For the reasons stated above, Skaletsky's Motion to Dismiss is granted in part and denied in part. Count I is dismissed with prejudice. Liberty's Motion to Dismiss is denied. Globeground's Motion to Dismiss is granted in part and denied in part. Count VI is dismissed without prejudice. Lakin is granted leave to file an amended complaint as to those counts dismissed without prejudice, if any, within fourteen days of this Order if he can do so consistent with his obligations under Fed. R. Civ. Proc. 11.

Dated: September 9, 2003

JOHN W. DARRAH
United States District Judge