# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 3333 | DATE | 1/21/2004 |
| CASE TITLE | | Lakin vs. Skateltsky | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, 12(b)(6) MOTION by defendant Liberty Mutual Insurance Company to dismiss Count II of plaintiff's complaint at law is granted [26-1]. Enter Memorandum Opinion and Order. Parties are to exchange Rule 26(a)(1) disclosures by 2/20/04. Status hearing set for 3/18/04 at 9:00 a.m.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | JAN 22 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 32 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| MF | courtroom deputy's initials | 04 JAN 21 PM 0:35 FILED TO | date mailed notice mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
JAN 2 2 2004

DAVID LAKIN, )
)
Plaintiff, )
)
v. ) No. 03 C 3333
)
GARY SKALETSKY, M.D.; LIBERTY MUTUAL ) Judge John W. Darrah
INSURANCE COMPANY; and )
GLOBEGROUND NORTH AMERICA, LLC, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff, David Lakin ("Lakin"), filed a multi-count Complaint against the Defendants. Count I alleges failure to maintain medical confidentiality against Dr. Gary Skaletsky ("Dr. Skaletsky"). Count II alleges failure to maintain medical confidentiality against Liberty Mutual Insurance Company ("Liberty"). Count III alleges wrongful discharge against Globeground North America ("Globeground"). Count IV alleges a civil conspiracy between Dr. Skaletsky, Liberty, and Globeground. Count V alleges a breach of bailment against Globeground. Count VI alleges a violation of the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. § 1161, *et seq.* against Globeground. Count VII alleges a claim for accrued vacation pay against Globeground. On September 4, 2003, Count I was dismissed with prejudice, and Count VI was dismissed without prejudice.

Subsequently, Liberty filed a Motion to Dismiss Count II. After the Motion to Dismiss was fully briefed, the Court informed the parties that the Motion to Dismiss would be treated as a Motion

for Summary Judgment. The Court allowed the parties additional time to file additional responses, and said responses were filed.[1]

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). All the evidence and the reasonable inferences that may be drawn from the evidence are viewed in the light most favorable to the nonmovant. *Miller v. American Family Mut. Ins. Co.*, 203 F.3d 997, 1003 (7th Cir. 2000). Summary judgment may be granted when no "reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Count II of Plaintiff's Complaint alleges that Liberty violated Plaintiff's right to medical confidentiality by receiving and transmitting a report from Dr. Skaletsky. Liberty seeks summary judgment as to Count II, contending that Plaintiff cannot maintain a cause of action for violation of medical confidentiality because the Illinois Workers' Compensation Act ("WCA") expressly provides employers and insurers to obtain medical records. Plaintiff contends that summary judgment must be denied because Liberty did not request Dr. Skaletsky's last report as required by the WCA.

---

[1] A summary of all the operative facts are fully set forth in the Court's previous Memorandum Opinion and Order and need not be repeated. A brief summary of the pertinent facts is provided herein for purposes of resolving the instant issues.

2

Section 8(a) of the WCA provides, in part:

> Every hospital, physician ... rendering treatment or services in accordance with the provisions of this Section shall upon written request furnish and complete reports thereof to, and permit their records to be copied by, the employer, the employee or his independents, as the case may be, or any other party to any proceeding for compensation before the Commission, or their attorneys.

820 ILCS 305/8(a). Accordingly, employers and workers' compensation insurers have a right to the medical records of an individual seeking a claim under the WCA. *See Mercer v. Carle Foundation Hosp.*, 261 Ill. App. 3d 245, 246 (1994); *People v. Mileris*, 103 Ill. App. 3d 589, 592 (1981) (*Mileris*).

Here, Liberty was the worker's compensation carrier for Plaintiff's employer and funded all of Plaintiff's medical treatment. Liberty initiated Plaintiff's contact with Dr. Skaletsky, arranging for an independent medical examination. At that time, Liberty requested Dr. Skaletsky to provide information on several specific areas surrounding Plaintiff's medical condition, including a prognosis, conclusions regarding the need for further treatment and/or work restrictions, and whether maximum medical improvement had been achieved.

Dr. Skaletsky examined Plaintiff on two occasions and forwarded a report of his findings to Liberty after each of the examinations. In his last report, Dr. Skaletsky indicated that Plaintiff was released to return to work without restrictions. This report addressed specific questions that Liberty propounded to Dr. Skaletsky in its initial correspondence to Dr. Skaletsky in which it sought information about further treatment of Plaintiff, work restrictions, and if and when Plaintiff reached maximum medical improvement. The Liberty employee involved in Plaintiff's workers' compensation claim avers that the initial correspondence to Dr. Skaletsky was a continuing request

3

for reports on Plaintiff's condition and prognosis. Furthermore, Plaintiff specifically pleads in his Complaint (and thereby admits) that Dr. Skaletsky, "at the request of Liberty Mutual," conveyed the last report to Liberty.

Pursuant to the WCA, Liberty had a right to Plaintiff's medical records and the report that he was able to return to work. *See Mileris*, 103 Ill. App. 3d at 592 ("section 8 of the Workers' Compensation Act guarantees that none of the [medical records] could remain confidential"). Furthermore, the undisputed facts show that Liberty requested such documentation from Dr. Skaletsky. Accordingly, Liberty's Motion for Summary Judgment as to Count II is granted.

For the reasons stated above, Liberty's Motion for Summary Judgment as to Count II is granted.

Dated: January 21, 2004

JOHN W. DARRAH
United States District Judge

4